UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRANDON LEE SCHIRO                                                            PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 1:18CV39-LG-RHW

LISA WAYNE et al                                                              DEFENDANTS

**PROPOSED FINDINGS OF FACTS AND RECOMMENDATIONS**

Plaintiff Brandon Lee Schiro, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that Defendants Lisa Wayne, Tanisha Burnett, Heath Wayne, and Keith Delaune, who at all relevant times were officers at the Lenoir Rowell Criminal Justice Center (LRCJC) in Pearl River County, subjected him to excessive force. Plaintiff later added allegations of inadequate medical care against Defendants Mark Stockstill, Christine Fortune, and Raymond (Buddy) Harvey, who at all relevant times were medical personnel employed at LRCJC. Doc. [21] [22].

According to Plaintiff, on September 17, 2017, he was participating in Sunday visitation, when Defendant Lisa Wayne told Plaintiff that his visit was over. Plaintiff complained about his visit being over, at which point, Defendant Wayne told Plaintiff to put his hands behind his back. Plaintiff alleges that Defendant Tanisha Burnett then slammed Plaintiff's head into the wall and punched him in the face. Defendant Keith Delaune assisted in handcuffing Plaintiff. Plaintiff was placed in a restraining chair. Plaintiff alleges that he kicked at Defendant Delaune, who picked Plaintiff up out of the chair and slammed Plaintiff on his head. Plaintiff was placed back in the restraining chair. Medical personnel examined Plaintiff for injuries to his head and wrists. Plaintiff complains that he did not receive lunch or dinner on the day of the incident. He did not eat again until breakfast the next day. Plaintiff bonded out three days later. He was examined at

a hospital and alleges he suffered three broken ribs from being slammed to the ground by Defendant Delaune. By the time Plaintiff filed the instant complaint on December 14, 2017, he had returned to custody at LRCJC. Plaintiff currently is incarcerated at the Central Mississippi Correctional Facility.

Defendants have filed motions for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit. Doc. [51] [55]. Plaintiff filed a one-page response in opposition, to which Defendants filed replies. Doc. [58] [59] [60]. Plaintiff then filed an additional response on November 9, 2018, which is in effect an unauthorized sur-reply. Doc. [61].

## Law and Analysis

### Summary Judgment Standard

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union*

*Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Failure to Exhaust**

Defendants argue that Plaintiff failed to exhaust administrative remedies prior to filing the instant lawsuit. They assert that Plaintiff did not file a grievance, as required by the procedures outlined in the LRCJC Inmate Handbook. Plaintiff does not dispute his failure to file a grievance, but counters that guards did not provide him any ARP Forms, that he was locked out of the electronic kiosk, and that he is not required to exhaust state remedies pursuant to *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In his complaint, he states that "he sent a request for grievance on kiosk machine, and asked for grievance" on December 14th, which coincidentally is the date Plaintiff filed the instant complaint. Doc. [1] at 3.

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement.

*See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

At the time of the alleged incident, LRCJC had an inmate grievance procedure in effect, which is outlined in the facility's Inmate Handbook. Doc. [51-2] at 6. As demonstrated in the record, Plaintiff received a copy of the Inmate Handbook at LRCJC on May 24, 2017, several months prior to the subject incident. Doc. [51-1] at 92. According to Corey Mataya, Captain at LRCJC, inmates are required to submit grievances either in writing or via an electronic kiosk. *Id.* at 1. Captain Mataya reviewed Plaintiff's inmate file and determined that Plaintiff did not submit any formal grievances against Defendants during the relevant time frame. *Id.* at 2.

Plaintiff also asserts claims against medical defendants. Health Corr, LLC provides medical services to inmates at LRCJC. Doc. [56] at 1. Although Plaintiff submitted requests for

4

medical care via the electronic kiosk, he did not submit any grievances against the medical personnel named as Defendants in this case—Christine Fortune, Raymond Harvey, and Mark Stockstill. *Id.* at 1-2.

In response to summary judgment, Plaintiff does not dispute Defendants' contention that he failed to file grievances regarding the claims in this lawsuit. However, Plaintiff asserts that he requested "ARP" Forms, but the guards told him they had none. Doc. [58]. LRCJC does not use Administrative Remedy Program (ARP) Forms; therefore, if Plaintiff requested ARP Forms from corrections officers, it is not surprising that he would not have been given any. Doc. [60-1] at 1. According to Captain Mataya, ARP Forms are not used at LRCJC because those forms are used by the Mississippi Department of Corrections (MDOC). *Id.* Rather, LRCJC uses Inmate Grievance Forms. In fact, Plaintiff has submitted at least two Inmate Request Forms while housed at LRCJC, but neither of these relate to the events at issue in this lawsuit. *Id.* at 19-20. Even assuming arguendo that Plaintiff properly requested Inmate Grievance Forms from guards, as opposed to ARP Forms, he still had the option of filing a grievance through the electronic kiosk.

Plaintiff contends that he could not submit grievances on the electronic kiosk because he was "locked out". According to Captain Mataya, Plaintiff made several kiosk requests while at LRCJC, but none of the kiosk entries was a grievance filed against Defendants. Doc. [60-1] at 2; 4-18. Captain Mataya explained that if an inmate files too many requests he may be temporarily locked out of the system; however, Plaintiff was never locked out of the kiosk system as demonstrated by the multiple kiosk entries he filed. *Id.* In fact, the first of these kiosk entries is dated December 14, 2017, a mere three months after the alleged incident of excessive force and the same day that he filed the instant lawsuit. *Id.* at 5. In the message he states that he is "trying

to file a grievance". *Id.* In response, he is told "just type it on the kiosk under admin." *Id.* This record is consistent with the assertion in Plaintiff's complaint that he sent a kiosk request for a grievance on December 14th. *See* Doc. [1] at 3. Plaintiff's next kiosk entry is dated December 26, 2017, less than two weeks later, stating that he needs to clip his nails. Doc. [60-1] at 4. The summary judgment evidence demonstrates that Plaintiff had access to the electronic kiosk system to file a grievance prior to filing his lawsuit but that he failed to do so.

Finally, Plaintiff argues he should not be required to exhaust pursuant to *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The holding in *Preiser* applies to exhaustion of remedies for habeas petitions and not § 1983 civil rights complaints; therefore, Plaintiff's reliance on *Preiser* is misplaced. *See id*. at 490.

In a later-filed response (unauthorized sur-reply), Plaintiff argues that he filed reports with the FBI, CID and Mississippi Attorney General relating to the allegations in his complaint. Doc. [61]. None of these reports constitutes proper exhaustion of administrative remedies as provided at LRCJC. By his responses, Plaintiff apparently concedes that he did not file a grievance regarding the alleged incident of excessive force and inadequate medical care. Instead, he merely offers inadequate excuses for why he failed to follow the grievance procedure as outlined in the Inmate Handbook.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Defendants' [51] [55] motions for summary judgment be GRANTED and that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be DISMISSED without prejudice for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 5th day of June 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE